CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
September 09, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **SHARON ELIZABETH CALL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26CV00060 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JAMES L. MEYERS JR., *et al.*,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Michael E. Untiedt, Marion, Virginia, for Plaintiff; Jason G. Moyers and Jon A. Nichols, HARMAN, CLAYTOR, CORRIGAN, & WELLMAN, P.C., Roanoke, Virginia, for Defendants.*

In this negligence action removed from state court on diversity of citizenship and amount in controversy and arising under Virginia law, the plaintiff, Sharon Elizabeth Call, asserts claims against James L. Meyers, Jr. (Meyers), Point Logistics, L.L.C. (Point), and Balac Transport, Inc. (Balac). The defendants have moved to dismiss Count 4(b) of the Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Because the plaintiff has not averred facts sufficient to make out a plausible claim of negligent training, I will grant the Motion to Dismiss.[1]

---

[1] The plaintiff has not filed a response to the motion to dismiss, as required by the court's Local Civil Rule 11(c)(1). Even so, I will not grant the motion to dismiss solely because of this failure. *See Guzman v. Acuarius Night Club LLC*, 167 F.4th 217, 222 (4th Cir. 2026) ("[A]lthough the [district] court may treat the bases for dismissal set forth in an

I.

The Complaint alleges the following facts, which I must accept as true for purposes of deciding the Motion to Dismiss.

The plaintiff alleges that, while he was operating a tractor/semi-trailer Defendant Myers crossed into the plaintiff's lane of traffic and collided with her vehicle, injuring her. The plaintiff contends that, at the time of the collision, Defendant Meyers was acting in furtherance of his own business interests and/or of the business interests of Defendant Point and/or Defendant Balac. Compl. ¶ 2, Dkt. No. 10.

As relevant to the Motion to Dismiss, the plaintiff further alleges that one or multiple of the defendants or their employees or agents had a duty "to properly train their employees to operate the tractor/semi-trailer so that it was safe for others using the highway." Compl. ¶ 4(b). The plaintiff asserts that this negligent training breached a duty to the plaintiff.

Generally, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

unopposed motion to dismiss as uncontroverted, it may not automatically treat a failure to respond to a [motion to dismiss] as a procedural default") (internal quotation marks and citations omitted). I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court.

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Although a complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

II.

The plaintiff fails to support the negligent training claim with specific facts. I recognize that the parties may disagree about whether Virginia law recognizes the tort of negligent training. *See Hernandez v. Lowe's Home Ctrs., Inc.*, No. CL10-8412, 2011 WL 8964944, at *2 (Va. Cir. Ct. Aug. 1, 2011) (summarizing Virginia case law on negligent training). Regardless, the plaintiff's failure to allege the tort with particularity is dispositive at this point. Although the plaintiff avers that the truth of the claim "will be shown by evidence," that assertion is insufficient to survive the plausibility threshold at this stage. Compl. ¶ 4(b).

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss, Dkt. No. 4, is GRANTED and Count 4(b) of the Complaint is DISMISSED without prejudice.

ENTER: September 9, 2026

/s/ JAMES P. JONES
Senior United States District Judge